| | | |
|---|---|---|
| LARRY COFFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV624 MLM |
| | ) | |
| ALAN BLAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

<u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

**The Complaint**

Coffman, a civilly committed resident at the Missouri Sexual Offender Treatment Center, has filed this action under 42 U.S.C. § 1983. Coffman is a frequent filer of frivolous and malicious lawsuits in this Court. The Court has reviewed the complaint, and the Court finds that it is both frivolous and malicious. It is frivolous because it does not allege any facts that would entitle Coffman to relief and because it is duplicative of previous suits that have been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). It is malicious because the tone of the complaint and the sheer number of frivolous lawsuits Coffman has filed against these defendants indicate that his intent is to vex and harass these defendants rather than to pursue a legitimate civil

rights action. As a consequence, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is frivolous and malicious.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this  9th  day of April, 2007.


                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE